**Bobby Marion DIXON, Petitioner,**

v.

**Roderick Q. HICKMAN, Respondent.**

**No. 05–16045.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2006.*

Filed Oct. 19, 2006.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Bobby Marion Dixon, Vacaville, CA, pro se.

Katherine L. Hart, Esq., Law Offices of Katherine L. Hart, Fresno, CA, for Petitioner.

Alison Elle Aleman, Office of the California Attorney General, Sacramento, CA, for Respondent.

** This disposition is not appropriate for publication and may not be cited to or by the

Before: GRABER, McKEOWN, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Petitioner Bobby Marion Dixon was convicted of attempted battery, assault with intent to commit rape, and misdemeanor false imprisonment. The state trial court found Petitioner sane and sentenced him to 40 years to life in prison. Petitioner seeks federal habeas corpus relief.

1. Petitioner first argues that the standard for legal insanity established by *M'Naghten's Case*, 10 Cl. & Fin. 200, 8 Eng. Rep. 718 (1843), is constitutionally compelled. This argument is foreclosed by the Supreme Court's recent opinion in *Clark v. Arizona*, — U.S. —, 126 S.Ct. 2709, 2722, 165 L.Ed.2d 842 (2006), which holds that "no particular formulation has evolved into a baseline for due process, and that the insanity rule, like the conceptualization of criminal offenses, is substantially open to state choice."

2. Next, Petitioner asserts that the trial court applied an incorrect standard for determining sanity. However, as a federal court in a habeas proceeding, we may not grant relief on the basis that a state court misapplied or misinterpreted state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). In any case, Dixon did not raise the issue before the state court, and we decline to exercise our discretion to hear this claim. *See Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

courts of this circuit except as provided by 9th Cir. R. 36–3.

[2] Petitioner further argues that the trial court's sanity ruling was not supported by substantial evidence. After reviewing the record, we disagree. Whether viewed under the *Jackson* standard, *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), or the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") standard, Dixon's claim fails. *See Garcia v. Carey,* 395 F.3d 1099, 1102 (9th Cir.2005) ("It appears to be an open question in this circuit whether the [AEDPA], 28 U.S.C. § 2254(d), adds a second level of deference to [the *Jackson* ] standard, so that a federal habeas petitioner may obtain relief only by demonstrating that the state court's adjudication on the merits of the claim involved an unreasonable application of *Jackson's* 'no rational trier of fact' standard."). The court's sanity determination is supported by the testimony of two mental health experts, both of whom examined Petitioner at the request of the trial court.

█ 4. Finally, Petitioner raises a substantial evidence challenge to his conviction for assault with intent to commit rape. Again, Petitioner's argument fails. Under California law, rape is defined as "an act of sexual intercourse accomplished with a person not the spouse of the perpetrator ... [w]here it is accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another." Cal. Penal Code § 261(a)(2). The record contains evidence that Petitioner forcibly detained his victim and touched her genital area. The record also contains testimony regarding a previous sexual assault committed by Petitioner. Viewing the evidence in the light most favorable to the prosecution, *Jackson,* 443 U.S. at 319,

99 S.Ct. 2781, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. The claim also fails under the AEDPA standard. *See Garcia,* 395 F.3d at 1102.

AFFIRMED.